UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Charles W. Penland, Sr., # 12904-171; and and Mary A. Penland, | ) ) ) ) | **C/A No. 6:07-3284-HFF-WMC** |
| Plaintiffs, | ) ) | |
| vs. | ) ) | **Report and Recommendation** |
| United States District Court at Greenville, South Carolina; and Jerry Saad, Court Appointed Receiver in Case 7:05-710, | ) ) ) ) ) ) | |
| Defendants. | ) ) ) | |

_____

### *Background of this Case*

The lead plaintiff in this case is Charles W. Penland, Sr., who is a federal inmate at FCI-Butner serving a 120-month sentence for conspiracy to distribute cocaine and methamphetamine entered in *United States v. Penland*, Criminal No. 7:05-710-1 (DSC). His spouse and co-plaintiff, Mary Penland, is a resident of Gray Court, South Carolina, and is not incarcerated. The plaintiffs have brought suit against the United States District Court for the District of South Carolina and an attorney who served as a court-appointed Receiver in the lead plaintiff's criminal case. The plaintiffs have paid the full three hundred fifty ($350) filing fee in this case. *See* Receipt No. 600003871 (DSC, October 12, 2007).

1

In the four-page complaint (Entry No. 1), the plaintiffs state that they are seeking removal of tax liens and damages.  The plaintiffs allege: (1) the court made no accounting of the forfeited property; (2) the court made no accounting of the non-forfeited properties, which were in the care of the court-appointed Receiver; and (3) Judge Floyd committed a constitutional violation by taking Penco, Inc., which actually belonged to Mary Penland.  The plaintiffs contend that the Receiver paid $200,000 of non-forfeited funds to defend lawsuits against Penco, Inc., and formed corporations.  The plaintiffs also allege that the Receiver, counsel of record for Charles W. Penland, Sr., and the prosecutors conspired to violate the plaintiffs' rights and take their property.  The plaintiffs appear to be contending that the Receiver's actions caused state tax liens to be filed against the plaintiffs.  The plaintiffs seek removal of the state tax liens filed by the State of South Carolina.

### Discussion

Under established local procedure in this judicial district, a careful review[1] has been made of the *pro se* pleadings.  With respect to Charles W. Penland, Sr., who is a prisoner, the pleadings have been reviewed pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act.  The review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-325 (1989); *Haines v. Kerner*, 404 U.S. 519

---

[1]Pursuant to the provisions of  28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (DSC), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

(1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995)(*en banc*), *cert. denied*, 516 U.S. 1177 (1996); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979)(recognizing the district court's authority to conduct an initial screening of any *pro se* filing);[2] *Loe v. Armistead*, 582 F.2d 1291 (4th Cir. 1978), *cert. denied*, *Moffitt v. Loe*, 446 U.S. 928 (1980); and *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.), *cert. denied*, *Leeke v. Gordon*, 439 U.S. 970 (1978).   The plaintiffs are *pro se* litigants, and thus their pleadings are accorded liberal construction. *See Erickson v. Pardus*, ___ U.S. ___, 75 U.S.L.W. 3643, 167 L.Ed.2d 1081, 127 S.Ct. 2197 (2007)(*per curiam*); *Hughes v. Rowe*, 449 U.S. 5, 9-10 & n. 7 (1980)(*per curiam*); and *Cruz v. Beto*, 405 U.S. 319 (1972).  When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true.   *Fine v. City of New York*, 529 F.2d 70, 74 (2nd Cir. 1975).  Even under this less stringent standard, the complaint is subject to summary dismissal.  The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court.  *Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990).

Generally, a case can be originally filed in a federal district court if there is diversity of citizenship under 28 U.S.C. § 1332 or there if there is so-called "federal question" jurisdiction under 28 U.S.C. § 1331.   Federal courts are courts of limited

---

[2]*Boyce* has been held by some authorities to have been abrogated in part, on other grounds, by *Neitzke v. Williams*, 490 U.S. 319 (1989)(insofar as *Neitzke* establishes that a complaint that fails to state a claim, under Federal Rule of Civil Procedure 12(b)(6), does not by definition merit *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) [formerly 28 U.S.C. § 1915(d)], as "frivolous").

jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998). Since federal courts have limited subject matter jurisdiction, there is no presumption that the court has jurisdiction. *Pinkley, Inc. v. City of Frederick*, 191 F.3d 394, 399 (4th Cir. 1999), *cert. denied*, *Pinkley, Inc. v. Servacek*, 528 U.S. 1155, 2000 U.S. LEXIS® 1043 (2000) (*citing Lehigh Mining & Mfg. Co. v. Kelly*, 160 U.S. 337, 327 (1895)). Accordingly, a federal court is required, *sua sponte*, to determine if a valid basis for its jurisdiction exists, "and to dismiss the action if no such ground appears." *Bulldog Trucking*, 147 F.3d at 352. *See also* F. R. Civ. P. 12(h)(3) ("Whenever it appears . . . that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.").

"[T]he facts providing the court jurisdiction must be affirmatively alleged in the complaint." *Davis v. Pak*, 856 F.2d 648, 650 (4th Cir. 1988) (*citing McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178 (1936)). To this end, Federal Rule of Civil Procedure 8(a)(1) requires that the complaint provide "a short plain statement of the grounds upon which the court's jurisdiction depends[.]" If, however, the complaint does not contain "an affirmative pleading of a jurisdictional basis, the federal court may find that it has jurisdiction if the facts supporting jurisdiction have been clearly pleaded." *Pinkley, Inc.,* 191 F.3d at 399 (*citing* 2 *Moore's Federal Practice* § 8.03[3] (3rd edition 1997)).

Although the absence of subject matter jurisdiction may be raised at any time during the case, determining jurisdiction at the outset of the litigation is the most efficient procedure. *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999). If the court, viewing the

4

allegations in the light most favorable to the plaintiff, finds insufficient allegations in the pleadings, the court will lack subject matter jurisdiction. *Id*.

The United States cannot be sued without its express consent, and express consent is a prerequisite to a suit against the United States. *United States v. Mitchell*, 463 U.S. 206, 212 (1983). The bar of sovereign immunity cannot be avoided by naming officers or employees as defendants. *Gilbert v. Da Grossa*, 756 F.2d 1455, 1458 (9th Cir. 1985). *Cf. Hawaii v. Gordon*, 373 U.S. 57, 58 (1963). Similarly, the bar of sovereign immunity cannot be avoided by the filing of a suit against a federal agency or a federal department, such as the United States District Court for the District of South Carolina. *See Campbell v. United States*, 496 F. Supp. 36, 37-38 & n. * (E.D. Tenn. 1980).

Even if this case is treated as one brought under the Federal Tort Claims Act (FTCA), the United States District Court for the District of South Carolina is entitled to summary dismissal on the basis of sovereign immunity. A suit under the Federal Tort Claims Act lies only against the United States, and a federal district court lacks subject-matter jurisdiction over claims asserted against federal agencies or individual federal employees. *See Myers and Myers, Inc. v. United States Postal Service*, 527 F.2d 1252, 1256 (2nd Cir. 1975).[3] Additionally, an administrative claim must first be filed with the appropriate federal agency before commencement of a civil action in a district court under the Federal Tort Claims Act. *See* 28 C.F.R. § 14.2; the Standard Form 95; and 28 U.S.C.

---

[3]The Federal Tort Claims Act (FTCA) waives the sovereign immunity of the United States in certain situations. Litigants must strictly comply with the requirements of the FTCA. *See* 28 U.S.C. § 2675; and *United States v. Kubrick*, 444 U.S. 111, 117-118 (1979). The administrative claim must be submitted in writing within two (2) years after the claim accrues. 28 U.S.C. § 2401(b).

§ 2401(b) (a tort claim "shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues"). There is no indication that the plaintiffs have filed an administrative claim with the United States Department of Justice. Under the FTCA, "the requirement of filing an administrative claim is jurisdictional and may not be waived." *Henderson v. United States*, 785 F.2d 121, 123 (4th Cir.1986), which is cited in *Kokotis v. United States Postal Service*, 223 F.3d 275, 278 (4th Cir. 2000).[4]

Jerry Saad, the court-appointed receiver in Charles W. Penland, Sr.'s criminal case, is subject to summary dismissal because of quasi judicial immunity. *See Cook v. Smith*, 812 F. Supp. 561, 562 (E.D. Pa. 1993); and *Mourat v. Common Pleas Court of Lehigh County*, 515 F. Supp. 1074, 1076 (E.D. Pa. 1981). In *Mourat v. Common Pleas Court of Lehigh County*, the district court, in a ruling from the bench, rejected claims similar to those raised by the *pro se* plaintiff in the case *sub judice*:

> The clerk, Joseph Joseph, is also immune from suit. In the "recognized immunity enjoyed by judicial and quasi-judicial officers, including prothonataries, there exists an equally well-grounded principle that any public official acting pursuant to court order is also immune." We have here quoted from *Lockhart v. Hoenstine*, 411 F.2d 455, 460 (3d Cir. 1969)[, *cert. denied*, 396 U.S. 941 (1969)]. If he failed to act in accordance with the judicial mandate or court rule, he would place himself in contempt of court. See *Zimmerman v. Spears*, 428 F. Supp. 759, 752 (W.D.Tex.), *aff'd*, 565 F.2d 310 (5th Cir. 1977); *Davis v. Quarter Sessions Court*, 361 F. Supp. 720, 722 (E.D.Pa.1973); *Ginsburg v. Stern*, 125 F. Supp. 596 (W.D.Pa.1954), *aff'd per curiam on other grounds*, 225 F.2d 245 (3d Cir. 1955) sitting en banc.

---

[4]When the United States has denied an administrative claim filed under the FTCA, the claimant has six months to bring suit in a federal district court. 28 U.S.C. § 2401(b).

6

*Mourat v. Common Pleas Court for Lehigh County*, 515 F. Supp. at 1076. *See also Dieu v. Norton*, 411 F.2d 761, 763 (7th Cir. 1969) ("Defendants Circuit Judge Cotton, court reporter Tellschow and circuit court clerk Block were all acting in the discharge of their official responsibilities[;] [a]s such they were protected by the traditional doctrine of judicial immunity, as this rule of law was not abolished by § 1983, *supra*.").

The doctrine of absolute quasi judicial immunity has been adopted and made applicable to court support personnel because of "the 'danger that disappointed litigants, blocked by the doctrine of absolute immunity from suing the judge directly, will vent their wrath on clerks, court reporters, and other judicial adjuncts[.]'" *Kincaid v. Vail*, 969 F.2d 594, 601 (7th Cir. 1992), *cert. denied*, *Sceifers v. Vail*, 506 U.S. 1062 (1993), *quoting Scruggs v. Moellering*, 870 F.2d 376, 377 (7th Cir.), *cert. denied*, 493 U.S. 956 (1989). *See also Ashbrook v. Hoffman*, 617 F.2d 474, 476 (7th Cir. 1980) (collecting cases on immunity of court support personnel). *Cf. Pink v. Lester*, 52 F.3d 73 (4th Cir.1995), which overruled a 1972 case holding that clerks of court might be held liable for negligent conduct in the filing of prisoner pleadings. The case overruled by *Pink v. Lester* was *McCray v. Maryland*, 456 F.2d 1 (4th Cir. 1972).

Jerry Saad also has quasi judicial immunity because he was carrying out his duties as Receiver in Criminal 7:05-710 pursuant to the Order of the Honorable Henry F. Floyd, United States District Judge. *Mayes v. Wheaton*, 1999 U.S.Dist. LEXIS® 17182, 1999 WESTLAW® 1000510 (N.D.Ill., November 1, 1999) ("Judicial immunity extends to all persons performing judicial and quasi-judicial functions, as well as those acting under

7

the orders, or at the discretion, of a judicial officer."), *citing Forrester v. White*, 484 U.S. 219, 226-227 (1988).

The above-captioned case is also subject to summary dismissal because Charles W. Penland, Sr.'s conviction in Criminal No. 7:05-710 has not been reversed, vacated, or set aside. Since Charles W. Penland, Sr., is challenging his conviction and order of forfeiture in Criminal No. 7:05-710, the above-captioned case is subject to summary dismissal because a right of action has not yet accrued. *See Heck v. Humphrey*, 512 U.S. 477 (1994):

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Heck v. Humphrey*, 512 U.S. at 486-487 (footnote omitted).

*Heck v. Humphrey* is applicable in civil suits against federal officials and entities. *See Stephenson v. Reno*, 28 F.3d 26 (5th Cir.1994); *Best v. Kelly*, 309 U.S.App.D.C. 51, 39 F.3d 328, 330 (D.C. Cir. 1994); *Williams v. Hill*, 878 F. Supp. 269, 272 (D.D.C. 1995) ("Because Plaintiff has not established that the validity of his conviction

8

or sentence has been reversed on direct appeal, expunged by executive order, or impugned by the granting of a § 2255 motion or a writ of habeas corpus under § 2241, his *Bivens* action challenging his conviction and sentence will be DISMISSED as frivolous under 28 U.S.C. § 1915(d)."), *affirmed*, 316 U.S.App.D.C. 78, 74 F.3d 1339 (D.C. Cir. 1996); and *Zolicoffer v. FBI*, 884 F. Supp. 173 (M.D. Pa. 1995). *See also Parris v. United States*, 45 F.3d 383 (10th Cir.) (*Heck v. Humphrey* applicable to suits brought under the Federal Tort Claims Act), *cert. denied*, 514 U.S. 1120 (1995); and *Williams v. Hill*, 878 F. Supp. at 270-273 (*Heck v. Humphrey* applicable to civil "RICO" action filed by a federal prisoner against federal prosecutors and other officials). Moreover, *Heck v. Humphrey* also applies to various types of forfeitures. *Eaglin v. Baggett*, 2005 U.S. Dist. LEXIS® 33998 2005 WESTLAW® 2206194 (S.D. Tex., September 9, 2005) (forfeiture of good time credits).

Since the United States Court of Appeals for the Fourth Circuit, earlier this week, affirmed Charles W. Penland, Sr.'s conviction and the Order of Forfeiture, a right of action has not accrued. See *United States v. Charles W. Penland, Sr.*, ___ Fed. Appx. ___, 2007 U.S. App. LEXIS® 24122, 2007 WESTLAW® 2985299 (4th Cir., October 15, 2007) ("We first conclude that Penland has waived his right to appeal either his sentence or the forfeiture order.").

In this civil action, this court may take judicial notice of Charles W. Penland, Sr.'s prior criminal case (Criminal No. 7:07-710-1) and his unsuccessful appeal. *Aloe Creme Laboratories, Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970). *See also Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the

most frequent use of judicial notice is in noticing the content of court records.'"); *Mann v. Peoples First National Bank & Trust Co.*, 209 F.2d 570, 572 (4th Cir. 1954) (approving district court's taking judicial notice of prior suit with same parties: "We think that the judge below was correct in holding that he could take judicial notice of the proceedings had before him in the prior suit to which Mann and the Distilling Company as well as the bank were parties."); and *United States v. Parker*, 956 F.2d 169, 171 (8th Cir. 1992).

The Congress of the United States, by enacting the Tax Injunction Act of 1937 (hereinafter "Tax Injunction Act"), has divested federal district courts of jurisdiction to adjudicate challenges to taxes imposed by a State.  In fact, precedents from numerous federal jurisdictions indicate that many attorneys have sought to enjoin the collection of state taxes, and that a few district courts have erroneously granted injunctions, which were vacated or reversed in subsequent appeals.  *See, e.g., Smith v. Travis County Education District*, 968 F.2d 453, 454-456 (5th Cir. 1992).  As a result, this federal court cannot remove the tax liens filed by the State of South Carolina.

### *Recommendation*

Accordingly, it is recommended that the District Court summarily dismiss the above-captioned case *without prejudice* and without issuance and service of process.  *See Denton v. Hernandez*; *Neitzke v. Williams*; *Haines v. Kerner*; *Brown v. Briscoe*, 998 F.2d 201, 202-204 & n. * (4th Cir. 1993), *replacing* unpublished opinion originally tabled at 993 F.2d 1535 (4th Cir. 1993); *Boyce v. Alizaduh*; *Todd v. Baskerville*, 712 F.2d at 74; and 28 U.S.C. § 1915(e)(2)(B) [essentially a redesignation of "old" 1915(d)].  *See also In Re Prison*

*Litigation Reform Act*, 105 F.3d 1131 (6th Cir. 1997) (pleadings by prisoners *and* non-

prisoners should also be screened); and *Fitzgerald v. First East Seventh Street Tenants

Corp.*, 221 F.3d 362, 363-364 (2nd Cir. 2000) ("District courts . . . are . . . capable of

determining when an action is frivolous.  Indeed, as courts of first instance, district courts

are especially likely to be exposed to frivolous actions, and thus have an even greater need

for inherent authority to dismiss such actions quickly in order to preserve scarce judicial

resources.").  Since the two defendants in this case are immune from suit and the plaintiffs

see damages from them, this case is encompassed by 28 U.S.C. § 1915A(b)(2) insofar as

Charles W. Penland, Sr., is concerned.  **Hence, I also recommend that the above-

captioned case be deemed a "strike" for purposes of the "three strikes" rule of 28

U.S.C. § 1915(g) with respect to Charles Penland, Sr., only.**[5]  The plaintiffs' attention

is directed to the very important notice on the following page.


October 18, 2007                              s/William M. Catoe
Greenville, South Carolina                    United States Magistrate Judge


---

[5]Mary Penland is not a prisoner.  Hence, she is not subject to the Prison Litigation Reform Act (PLRA).  *See* Order (Entry No. 10) of December 7, 2001, by the Honorable David C. Norton, United States District Judge, in *Willie Key v. Department of Transportation*, Civil Action No. 2:01-3076-DCN.

11

## Notice of Right to File Objections to Report and Recommendation

The plaintiffs are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** In the absence of a timely filed objection, a district court judge need not conduct a *de novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

**Larry W. Propes, Clerk**
**United States District Court**
**Post Office Box 10768**
**Greenville, South Carolina 29603**

**Failure to timely file specific written objections to this Report and Recommendation will result in a waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir.), *cert. denied*, *Schronce v. United States*, 467 U.S. 1208 (1984); and *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

12